IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GARY MARTINEZ, MICHELLE SAMANTHA
MARTINEZ, JAM1, JAM2, JAM3, who are minor
children,

    Plaintiffs,

v.                                                    Case No. 18-cv-1098-JAP-KBM

KENNETH DRAIM and SARA DRAIM,

    Defendants.

## MEMORANDUM OPINION AND ORDER OF REMAND

On November 28, 2018, Plaintiffs Gary Martinez, Michelle Samantha Martinez, JAM1, JAM2, and JAM3 (Plaintiffs), filed a Motion to Remand (Motion) (Doc. 8), asking the Court to remand their Complaint for Personal Injury and Consortium (Complaint) to state court. Defendants Kenneth and Sara Draim (collectively, Defendants) oppose the Motion and it is fully briefed.[1] The Court, having reviewed the parties' briefing, exhibits, and relevant law, finds that Defendants' removal was untimely and will therefore grant Plaintiffs' request to remand.

## BACKGROUND

On November 26, 2018, Defendants filed a notice removing Plaintiffs' Complaint from state to federal court, claiming this Court had original jurisdiction over the Complaint under 28 U.S.C. § 1332 based on diversity of citizenship between Plaintiffs and Defendants, and an amount in controversy exceeding $75,000.00. (Doc. 1). Defendants asserted that the Notice was timely under 28 U.S.C. § 1446(b)(3) because it was filed within thirty days of "… receipt by the defendant, through service or otherwise, of a copy of an…other paper from which it may first be

---

[1] *See* DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND (Response) (Doc. 11); REPLY IN SUPPORT OF MOTION TO REMAND (Reply) (Doc. 13).

1

ascertained that the case is one which is or has become removable." (Doc. 1 at ¶ 3 (citing 28 U.S.C. § 1446(b)(3)). Defendants indicated that Plaintiffs' counsel first notified Defendants that the amount in controversy exceeds $75,000 on November 22, 2018.[2] (Doc. 1 at ¶ 3).

On November 28, 2018, Plaintiffs filed an opposed motion to remand this case to the Eighth Judicial District Court, Taos County, State of New Mexico. (Doc. 8). In their Motion, Plaintiffs argue that Defendants were informed by email on October 22, 2018 that the amount in controversy exceeded $75,000, and, as such, the deadline to file the Notice of Removal was November 21, 2018. (Doc. 8 at 1-2). Because Defendants did not file the Notice until November 26, 2018, Plaintiffs argue that it is untimely. (Doc. 8 at 1). Plaintiffs also request costs related to the Motion including attorney fees. (Doc. 8 at 2). Defendants do not dispute the timeline of events that Plaintiffs have set forth, but challenge Plaintiffs' calculation of the filing deadline for the Notice of Removal and argue that Plaintiffs' counsel consented to removal on October 22, 2018. (Doc. 11 at 1). Both parties provided a series of email exchanges between counsel to support their arguments.

## DISCUSSION

Within a certain time period, a defendant may remove a case from state court if the federal court would have original jurisdiction over the action. 28 U.S.C. §§ 1441, 1446(b). Removable cases include actions between citizens of different states where the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1). But because federal courts are courts of limited jurisdiction, a removing defendant must overcome the presumption that no federal jurisdiction exists and establish jurisdiction by a preponderance of the evidence. *Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013). Removal statutes are strictly construed, and the Court will resolve all doubts

---

[2] It appears that this date was a mistake in the Notice of Removal. Defendants agree in their Response to Plaintiffs' Motion that email confirmation of the amount in controversy was received on <u>October</u> 22, 2018.

against removal. *See Fajen v. Found., Reserve Ins. Co.,* 683 F.2d 331, 333 (10th Cir. 1982). In this case, both parties agree that Defendants were informed by Plaintiffs' counsel via email on October 22, 2018 that the amount in controversy in this case exceeded $75,000, rendering the case otherwise removable to federal court under 28 U.S.C. § 1332 because the controversy is between citizens of different states. However, the parties dispute whether notice was timely filed. Alternatively, Defendants ask this Court to extend the time for filing the Notice under Federal Rule of Civil Procedure 6(b)(1)(B) based on excusable neglect.

### A. Timeliness

Generally, defendants must file a notice of removal within thirty days of receiving the initial state-court pleading. 28 U.S.C. § 1446(b)(1). However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). It is undisputed that Defendants were given notice that Plaintiffs' claims for damages exceeded the federal jurisdictional amount of $75,000 on October 22, 2018. Thus, absent a tolling or extension of the thirty-day limit delineated in 28 U.S.C. § 1446(b)(3), Defendants were required to file their notice of removal on or before Wednesday, November 21, 2018.

Defendants attempt to show that they timely filed the Notice of Removal under the time computation rules set forth in Federal Rule of Civil Procedure 6. Defendants argue that under Federal Rule of Civil Procedure 6(d), the Court should allow an additional three days for filing the Notice. (Doc. 11 at 1-2). Rule 6(d) provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail), (D) (leaving with the

3

clerk), or (F) (other means consented to), three days are added after the period would otherwise expire[.]" Here, Defendants appear to be relying on service "by other means consented to" provision in order to add an additional three days to the November 21, 2018 deadline. Defendants claim that "[t]he parties, consenting to service via email through the verification of amount in controversy and Plaintiffs' consent to removal, were entitled to an additional three days." (Doc. 11 at 2). Adding three days would make the deadline November 24, 2018. Because November 24, 2018 was a Saturday, under Rule 6(a)(1)(C)[3] the filing period continued to run until the end of Monday, November 26, 2018. (Doc. 11 at 1-2). According to Defendants, by this calculation their Notice was timely.

Defendants are required to overcome the presumption against removal by proving all jurisdictional facts and establishing a right to removal. *See McPhail v. Deere & Co.,* 529 F.3d 947, 953 (10th Cir. 2008). The Tenth Circuit "has been very strict in assessing whether the grounds for removal are ascertainable." *Paros Properties LLC v. Colorado Cas. Ins. Co.,* 835 F.3d 1264, 1269 (10th Cir. 2016). Moreover, "[b]ecause removal is entirely a statutory right, the relevant procedures to effect removal must be followed." *Edison Ranch, Inc. v. Mosaic Potash Carlsbad, Inc.*, Case No. 17-cv-0790-JB, 2018 WL 582578, *6 (D.N.M. Jan. 26, 2018). "A removal that does not comply with the express statutory requirements is defective, and the Court must, upon request, remand the case to state court." *Id.*

Nowhere in the email communications provided to the Court is it clear that the parties consented to service via email. Further, while it appears that Defendants' counsel misapprehended a comment made by Plaintiffs' counsel in the October 22, 2018 email chain as consent to removal,

---

[3] Fed. R. Civ. P. 6(a)(1)(C) provides that "[w]hen the period is stated in days or a longer unit of time…include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."

4

there is no formal request for consent and no express statement by Plaintiffs' counsel indicating consent. The Notice of Removal itself also lacks any indication that Plaintiffs consented. (*See* Doc. 1). And in an email exchange between the parties' counsel after the Notice of Removal was filed, Plaintiffs' counsel's opposition to removal is vehemently clear, as is Defendants' counsel's admission that the filing deadline might have been calendared incorrectly. Moreover, other courts have refused to enlarge the thirty-day removal period in 28 U.S.C. § 1446(b) based on Rule 6(d). *See, e.g. Zambrano v. N.M. Corr. Dep't,* 256 F. Supp. 3d 1179, 1186 n.1 (D.N.M. 2017) (listing cases); *Knight v. J.I.T. Packaging, Inc.,* Case No. 4:08-cv-2545, 2008 WL 4981081, *2 ( (noting that the majority of courts "have determined that Rule 6(d) does not extend the thirty-day removal period of section 1446(b)" and listing cases); *Daniel v. United Wis. Life Ins. Co.,* 84 F. Supp. 2d 1353, 1356 (N.D. Ala. 2000) ("[T]he great majority of courts to consider the issue have concluded that Rule 6(d) does not extend the statutory 30-day period for filing a notice of removal."); *Perrin v. Walker*, 385 F. Supp. 945, 948 (E.D. Ill. 1974) (noting that "the federal district court does not have authority to extend this [removal] time period pursuant to Rule 6(b)…Nor does Rule 6[d] enlarge the time for removal"). Rather, the strict constructional standards of the removal statute considered in conjunction with the policy that all doubts are to be resolved against removal dictates that this case must be remanded. *See Fajen,* 683 F.2d at 333. Plaintiffs' counsel's express rejection on October 22, 2018 of Defendants' offer to cap damages at $75,000 to avoid removal because his "client has in excess of $65K in meds and more than two years of lost wages" triggered the statutory thirty-day period of removability. There is insufficient evidence on the record to demonstrate that the three-day mail rule applies, and regardless, case law indicates that Rule 6(d) in inapplicable in this context. Accordingly, the notice of removal should have been filed on or before November 21, 2018, rendering the notice of removal filed on November 26, 2018 untimely.

Alternatively, Defendants ask the Court to extend the time under Rule 6(b)(1)(B) for "excusable neglect" given their good faith basis to believe both that Plaintiffs had consented to removal and that the proper deadline for filing the Notice was November 26, 2018. (Doc. 11 at 2). Rule 6(b) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time:…on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). While the Tenth Circuit has not expressly addressed this argument, it has strictly construed the provisions of Section 1446. *See, See Fajen,* 683 F.2d at 333; *see also Hernandez v. Menlo Logistics, Inc.*, Case No. 12-cv-0907-JB, 2013 WL 5934411, *13 (D. N.M. Sept. 30, 2013) ("A removal that does not comply with the express statutory requirements is defective, and the case must be remanded to state court." (citing *Huffman v. Saul Holdings Ltd. P'ship,* 194 F.3d 1072, 1077 (10th Cir. 1999)). The Court does not find good cause warranting an extension of the statutory deadline to file a notice of removal based on counsel's misinterpretations and calendaring errors.

### B. Costs and Attorney Fees

Finally, Plaintiffs request costs, including attorney fees, associated with having to prepare and file the Motion to Remand in light of the fact that counsel for Plaintiffs alerted Defendants to the timeliness issue and asked Defendants to withdraw the Notice of Removal to no avail. (Doc. 8 at 2). Under 28 U.S.C. § 1447(c) a court has wide discretion to award "just costs and any actual expenses, including attorney fees, incurred as a result of the removal" when remand is ordered. The key factor in determining whether to award fees and costs once remand is ordered is the propriety of defendant's removal. *Martin v. Franklin Capital Corp.,* 393 F.3d 1143, 1146 (10th Cir. 2004). "[I]f a defendant's removal could be fairly supported by the law at the time, even if later deemed incorrect, a district court's discretionary decision not to award fees is appropriate."

*Id.* at 1147. Although Defendants erroneously misinterpreted and subsequently missed a statutory deadline, but for the procedural defect, jurisdiction was otherwise properly invoked under 28 U.S.C. § 1332. The Court finds that Defendants did not lack an objectively reasonable basis for seeking removal. Accordingly, the Court will deny Plaintiffs' request for fees and costs.

IT IS THEREFORE ORDERED THAT Plaintiffs' Motion to Remand (Doc. 8) is GRANTED in part and DENIED in part. The case is hereby remanded to the Eighth Judicial District Court, County of Taos, State of New Mexico. Plaintiffs' request for attorney costs and fees, however, is denied.

/s/ James A. Parker
SENIOR UNITED STATES DISTRICT COURT JUDGE